# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
June 5, 2024
Lyle W. Cayce
Clerk

_____

No. 23-30653

_____

JACQUELINE HORTON, *individually and on behalf of all others similarly situated*,

                                                             *Plaintiff—Appellee*,

*versus*

WILLIS-KNIGHTON MEDICAL CENTER, *doing business as* WILLIS-KNIGHTON HEALTH SYSTEM,

                                                           *Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:23-CV-314

_____

Before DENNIS, WILLETT, and DUNCAN, *Circuit Judges*.

### J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

IT IS FURTHER ORDERED that Appellant pay to Appellee the costs on appeal to be taxed by the Clerk of this Court.

No. 23-30653

The judgment or mandate of this court shall issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later. See Fed. R. App. P. 41(b). The court may shorten or extend the time by order. See 5th Cir. R. 41 I.O.P.

Certified as a true copy and issued
as the mandate on **Jun 27, 2024**

Attest: *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 5, 2024

Lyle W. Cayce
Clerk

_____

No. 23-30653
_____

JACQUELINE HORTON, *individually and on behalf of all others similarly situated*,

                *Plaintiff—Appellee*,

*versus*

WILLIS-KNIGHTON MEDICAL CENTER, *doing business as* WILLIS-KNIGHTON HEALTH SYSTEM,

                *Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:23-CV-314
_____

Before DENNIS, WILLETT, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

    Plaintiff-Appellee Jacqueline Horton brought a putative class action against Defendant-Appellant Willis-Knighton Medical Center (Willis-Knighton) in Louisiana state court alleging that Willis-Knighton's online patient portal systemically violated its customers' privacy rights by exposing patients' highly sensitive personal information to third parties without their

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-30653

knowledge or consent. Specifically, Horton alleges that Willis-Knighton embedded the Meta-Pixel tool on its website, resulting in the disclosure of patients' private health information to Facebook for the purposes of targeted advertising. Horton asserts that this conduct violates the Louisiana Electronic Surveillance Act, LA. STAT. ANN. § 15:1303. Horton also brings a claim for unjust enrichment.

Willis-Knighton timely removed Horton's state court petition to federal court, invoking federal officer jurisdiction pursuant to 28 U.S.C. § 1442(a)(1). Horton filed a motion to remand to state court, arguing that there was neither federal question nor diversity jurisdiction and that the federal officer removal statute was inapplicable. The district court, following a report and recommendation from the magistrate judge, granted Horton's motion to remand. Willis-Knighton timely appeals.

I

While an order to remand a case to state court is generally unreviewable, when removal was originally sought under the federal officer removal statute, 28 U.S.C. § 1442, orders to remand are "reviewable by appeal or otherwise." 28 U.S.C. § 1447(d). The district court's order to remand is reviewed *de novo*, "without a thumb on the remand side of the scale." *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 290 (5th Cir. 2020) (en banc) (quotation marks and citation omitted). The federal officer removal statute provides that

> [a] civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

2

> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office . . . .

28 U.S.C. § 1442. To successfully remove a lawsuit to federal court under this statute, our court has held that Willis-Knighton must show "(1) it has asserted a colorable federal defense, (2) it is a 'person' within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions." *Latiolais*, 951 F.3d at 296. The question presented on appeal is whether Willis-Knighton acted "pursuant to" a federal officer's direction by creating online patient portals.[1] For the following reasons, we hold that Willis-Knighton failed to satisfy the third requirement of acting pursuant to a federal officer's direction and, therefore, cannot invoke the federal officer removal statute.

## II

Willis-Knighton argues removal was proper because it acted at the behest of the federal government when it created the online patient portal at issue in this appeal. Specifically, it alleges that the Health Information Technology for Economic and Clinical Health (HITECH) Act, Pub. L. No. 111–5, 123 Stat. 226, encouraged healthcare providers to adopt healthcare technology, including electronic health records. The HITECH Act also originally instructed the Department of Health and Human Services to issue incentive payments to healthcare providers who comply with certain

---

[1] The district court's analysis centered on whether Willis-Knighton acted "pursuant to" a federal officer's direction. Because we agree with the district court's analysis on this prong and because that is enough to decide this appeal, we need not consider the other prongs of federal officer removal.

electronic records requirements. These incentive payments were eventually replaced with penalties for healthcare providers who did not comply. 42 C.F.R. § 495.2(g). On account of the HITECH Act, Willis-Knighton argues that they were acting pursuant to a directive from the federal government to make patient records available online.

Our circuit was recently presented with the question of whether, under "virtually identical" circumstances, a healthcare provider may remove to federal court under 28 U.S.C. § 1442. In *Martin v. LCMC Health Holdings Inc.*, we joined the two other circuits who have addressed this question and held that the connection between the HITECH Act and the development of online patient portals was too attenuated to find that healthcare providers were acting pursuant to direction from the federal government. 101 F.4th 410, 416 (5th Cir. 2024); *see also Doe v. BJC Health Sys.*, 89 F.4th 1037, 1047 (8th Cir. 2023) (holding that a healthcare provider "did not act under a federal officer when it created and operated its online patient portal and accepted HHS incentive payments"); *Mohr v. Trustees of Univ. of Penn.*, 93 F.4th 100, 105 (3d Cir. 2024) (holding that a healthcare provider did not act pursuant to a federal officer by operating a patient portal because "[t]he federal government did not delegate any legal authority to Penn to operate a patient portal *on behalf* of the government"). In *Martin*, we held that "a hospital does not act under the direction of the federal government when it maintains an online patient portal that utilizes tracking pixels" because the connection between the hospital and the federal government "is too attenuated to show any delegation of legal authority." *Martin*, 101 F.4th at 416.

In its briefing in this case, Willis-Knighton concedes that the issues in this case are "virtually identical" to those in *Martin v. LCMC Health Holdings* and that the parties' briefing in this appeal and in *Martin* "treads a substantial amount of common ground." In light of Willis-Knighton's

No. 23-30653

concession and in accordance with *Martin v. LCMC Health Holdings Inc.*, we hold that Willis-Knighton did not act pursuant to a federal officer's direction for the purposes of federal officer removal. The district court's remand order is AFFIRMED.

# United States Court of Appeals
**FIFTH CIRCUIT**
OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
Suite 115
**NEW ORLEANS, LA 70130**

June 27, 2024

Mr. Daniel J. McCoy
Western District of Louisiana, Alexandria
United States District Court
300 Fannin Street
Suite 1167
Shreveport, LA 71101-0000

    No. 23-30653   Horton v. Willis-Knighton Medical Ctr
                          USDC No. 1:23-CV-314

Dear Mr. McCoy,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                                            Sincerely,

                                            LYLE W. CAYCE, Clerk

                                            By: _____
                                            Roeshawn Johnson, Deputy Clerk
                                            504-310-7998

cc:  Mr. Weining Bai
     Mr. Joseph Edward Cain
     Mr. David Alan Carney
     Ms. Barbara DePena
     Mr. Stephen Jay Herman
     Mr. Foster Calhoun Johnson
     Mr. Keenan K. Kelly
     Mr. Lamar Powell Pugh